**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

OCT 24 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| JOSE IVAN RAMOS, individual, on behalf of themselves and on behalf of all persons similarly situated; JOSE HERNANDEZ, individual, on behalf of themselves and on behalf of all persons similarly situated, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> INFINITY INSURANCE COMPANY, an Indiana Corporation, doing business in California, <br><br> Defendant-Appellee. | No. 14-56500 <br><br> D.C. No. 2:14-cv-01151-JFW-CW <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Submitted October 7, 2016[**]
Pasadena, California

Before: PREGERSON, NOONAN, and PAEZ, Circuit Judges.

---

[*]        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]        The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The sole issue on appeal is whether the district court erred by granting summary judgment in favor of Infinity Insurance Company ("Infinity").[1] We have jurisdiction under 28 U.S.C. § 1291, and affirm. We review the district court's grant of summary judgment de novo.

Infinity had the right to rescind Jose Hernandez's insurance policy because Hernandez concealed a material fact. Cal. Ins. Code § 331. Infinity specifically asked Hernandez to list "[a]ll persons age 15 or older, LICENSED OR NOT, who reside with the applicant and any other drivers of the vehicle(s) on this application." Hernandez failed to list on the application the name of his son Jose Ivan Ramos, who was 19 years old and lived with Hernandez at the time the application was submitted to Infinity. The failure to list Ramos on the insurance application was a "material" concealment. *See Mitchell v. United Nat'l Ins. Co.*, 127 Cal. App. 4th 457, 476 (2005) (holding a concealed fact is "material" if the non-disclosed information would have an impact on the risk that the insurance company assumes and the terms under which it would issue an insurance policy).

Moreover, Hernandez and Ramos claim that all of Infinity's California automobile insurance policies provide less uninsured motorist ("UM") coverage

---

[1] Plaintiffs-Appellants do not appeal the district court's ruling denying class certification or Defendant-Appellees's motion for judgment on the pleadings.

2

than is required by California's uninsured motorist statute. Cal. Ins. Code § 11580.2(b). However, even if Infinity's California automobile insurance policies could be interpreted as providing less coverage than required by California's uninsured motorist statute, then California Insurance Code § 11580.2(b) provides that the terms of California's UM statute would be read into all of Infinity's California automobile insurance policies as a matter of law. *See Mid-Century Ins. Co. v. Gardner*, 9 Cal. App. 4th 1205, 1220 (1992) ("[A] policy which purports to provide a more restrictive coverage than that set forth in the [UM] statute will not be given effect."); *see also Hartford Fire Ins. Co. v. Marci*, 4 Cal. 4th 318, 324 (1992) ("Indeed, the provisions of the [UM] statute are a part of every policy of insurance to which it is applicable.").

Each side to bear its own costs and fees.

**AFFIRMED.**